UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

RICHARD HAZELTON,              :

      Plaintiff              :         CIVIL ACTION NO. 3:19-2027

  v.                               :              (JUDGE MANNION)

KERRI NOEL SAVAGE, *et al.*,   :

      Defendants             :

## MEMORANDUM

Presently before the court is the August 3, 2020 report and recommendation ("Report") of Magistrate Judge William Arbuckle, (Doc. 32), which recommends that the second amended complaint ("SAC") of *pro se* plaintiff Richard Hazelton, pursuant to 42 U.S.C. §1983, be dismissed with prejudice under 28 U.S.C. §1915(e)(2)(B)(ii) for failure to state a claim upon which relief can be granted. Plaintiff also filed an application to proceed *in forma pauperis*. The Report finds that despite filing two amendments to his original complaint, plaintiff still fails to state a cognizable constitutional claim related to his 2019 arrest in Lackawanna County Court on charges of retail theft and receiving stolen property. *See* <u>Commonwealth v. Richard</u>

Hazelton, No. CP-35-CR-0000392-2019 (C.C.P. Lackawanna County).[1] The Report indicates that plaintiff's state court criminal case is still pending. To date, plaintiff's SAC has not been served on defendants since it was subject to mandatory screening under with 28 U.S.C. §1915(e)(2).[2] *See* Passarella v. Menapace, 2018 WL 4219347 (M.D. Pa. Sept. 5, 2018). No party has filed objections to the Report, and the time within which objections were due has expired.[3] For the following reasons, the report and recommendation, (Doc. 32), will be **ADOPTED** and, plaintiff's SAC, (Doc. 21), will be **DISMISSED WITH PREJUDICE**.[4]

---

[1] The court takes judicial notice of plaintiff's Lackawanna County Court Criminal Docket which indicates that his criminal charges are still pending against him and that he has pre-trial motions pending with the court. *See* http://www.pacourts.us/courts/courts-of-common-pleas/docket-sheets.

[2] Even though plaintiff's SAC was not yet served, defendant Bell and defendant Savage filed motions to dismiss it. (Docs. 22 & 23). The Report finds that these motions should be denied as moot since it recommends that plaintiff's SAC be dismissed without leave to amend.

[3] The docket indicates that the Report was mailed to plaintiff at his last known address at SCI Waymart but that it was "Refused" and returned to sender. (Doc. 33).
On October 13, 2020, plaintiff filed a motion for appointment of counsel. (Doc. 34).

[4] Since Judge Arbuckle stated the full procedural history of this case in his Report, as well as the names and positions of the 17 defendants and the claims against them, and since the parties did not object to it, the court will not repeat it herein.

## I. STANDARD OF REVIEW

Where no objections are made to a report and recommendation, the court should, as a matter of good practice, "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed.R.Civ.P. 72(b), advisory committee notes; *see also Univac Dental Co. v. Dentsply Intern., Inc.*, 702 F.Supp.2d 465, 469 (2010) (citing *Henderson v. Carlson*, 812 F.2d 874, 878 (3d Cir. 1987) (explaining judges should give some review to every Report and Recommendation)). Nevertheless, whether timely objections are made or not, the district court may accept, not accept or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. §636(b)(1); M.D.Pa. Local Rule 72.3.

## II. DISCUSSION

Judge Arbuckle analyzes the constitutional claims raised by plaintiff in his SAC and correctly applies the law to them, and explains why they fail to state any cognizable claim. Thus, the court will not rehash this thorough explanation in the Report.

The Report also indicates that since plaintiff has been afforded two opportunities to amend his complaint and has still failed to plead a plausible claim, it would be futile and prejudicial to defendants to grant him further

leave to amend his SAC. As such, the Report recommends that the court dismiss plaintiff's SAC without leave to amend, and to close this case.

The court has reviewed the reasons presented by Judge Arbuckle for recommending that the plaintiff's SAC be dismissed, and because the court agrees with the sound reasoning that led the Judge to the conclusions in his Report and finds no clear error on the face of the record, the court will adopt the Report in its entirety.

### III. CONCLUSION

In light of the foregoing, Judge Arbuckle's Report, **(Doc. 32)**, will be **ADOPTED IN ITS ENTIRETY**, and plaintiff's SAC, **(Doc. 21)**, will be **DISMISSED WITH PREJUDICE**. Plainitff's motion for appointment of counsel, **(Doc. 34)**, will be **DENIED AS MOOT**. An appropriate order shall follow.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**DATE: October 14, 2020**
19-2027-01